Dolores S. **Willbanks**,
Plaintiff/Appellee,
**v.**
Francisco B. **Stein**, Jesus B. Stein, Olympia R. Sablan, Antonia R. Tenorio and Richard B. Stein, Defendants/Appellants.
Appeal No. 93-036
Civil Action No. 91-0337
Order Denying Rehearing
December 6, 1994

---

[18] *Id.* at 385 n.4 (dictum) (citing *United States v. Spivey*, 859 F.2d 461, 466 (7th Cir. 1988)).

[19] *Ragan*, 645 A.2d at 829.

[21] See *Saimon*, 3 N.M.I. at 383.

Counsel for appellants: Juan T. Lizama, Saipan.

Counsel for appellee: James H. Grizzard, Saipan.

BEFORE: DELA CRUZ, Chief Justice, and VILLAGOMEZ and ATALIG, Justices.

PER CURIAM:

The plaintiff/appellee, Dolores S. Willbanks, filed a petition for rehearing following our decision reversing the trial court judgment and ordering further proceedings to determine the question of inheritance rights, under Chamorro custom, of children born out of wedlock. *Willbanks v. Stein*, 4 N.M.I. 195 (1994). Willbanks contends that we misconstrued the issue raised on appeal. *See* Com. R. App. P. 40(a). She asserts that we erroneously viewed the issue as that of Willbanks's paternity, rather than whether, having proven paternity below, Chamorro custom allows her to inherit. We find no merit to this contention.

We did not view paternity as the issue being raised by the defendants/appellants. The issue we addressed was whether, having proven paternity, a child born out of wedlock may inherit under Chamorro custom.

■ The issue raised by the appellants was whether, having proven paternity, a child born out of wedlock may

inherit when the biological father failed to acknowledge the child as his.[1] They assert that under Chamorro custom the natural father must acknowledge the child as his before the child may inherit. We reversed the trial court's judgment because, after deciding that Chamorro custom applies, the court held that 8 CMC § 2918(b)(2) is the "best evidence of applicable Chamorro custom." *Willbanks v. Stein*, Civ. No. 91-0337 (N.M.I. Super. Ct. July 19, 1993) (decision and order at 3). We held that this section of the NMI probate code, however, simply sets forth a standard of proof, not custom.

■ Our opinion in this case also clarifies *In re Estate of Aldan*, 2 N.M.I. 288 (1991). The trial court interpreted *Aldan* as authority for the proposition that our probate code is evidence of custom in this case and, therefore, establishes the applicable custom. As we explained in our opinion, the probate code is inapplicable and cannot be viewed as evidence of custom in matters involving a decedent who died prior to February 1984. While the probate code may reflect certain aspects of custom, it does not, standing alone, establish custom as a matter of law.

■ In our opinion we held that even if one has proven paternity, it is unclear whether, under Chamorro custom, that fact by itself means that a child born out of wedlock may inherit. The trial court must still determine whether and how a child born out of wedlock may inherit under Chamorro custom. We reversed and remanded because we were unable to determine from the record before us whether any such custom exists, much less how that custom should apply. Our opinion instructs the trial court to take further evidence, if warranted, on the issue of custom.

Based on the foregoing, the petition for rehearing is hereby **DENIED**.

---

[1] We note that the appellants conceded that paternity was proven only for purposes of this appeal. *See* Appellants' Brief at 8. The trial court ruled that Willbanks proved paternity by clear and convincing evidence.